### HUDSON *v.* ALLEN.

1. WORKMEN'S COMPENSATION—EMPLOYER—EXCLUSIVE REMEDY.
   Workmen's compensation act makes the right to the recovery of
   compensation benefits the exclusive remedy against the em-
   ployer when conditions of liability under the act exists (CL
   1948, § 411.4).

2. SAME—TORT REMEDY—THIRD PARTY.
   An injured employee may enforce the tort liability of some
   person other than the employer when he is injured under
   circumstances for which compensation is payable but where
   the third party is also liable (CLS 1961, § 413.15).

3. SAME—EMPLOYER—THIRD PARTY.
   The legislature has for some purposes created a dual personality
   in an employer by providing that a working partner can also
   be considered an employee of a partnership for purposes of
   the workmen's compensation act (CLS 1961, § 411.7).

4. SAME—EMPLOYER—INSURANCE POLICY—SCOPE.
   Workmen's compensation act requires that an employer shall
   cover all his businesses, employees, enterprises, and activities in
   1 insurance policy (CLS 1961, § 414.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 6]  58 Am Jur, Workmen's Compensation §§ 48, 49.
[2]  58 Am Jur, Workmen's Compensation §§ 60–63.
[3, 5]  58 Am Jur, Workmen's Compensation § 133 *et seq.*
[4]  58 Am Jur, Workmen's Compensation § 564.

5. SAME—EMPLOYER—DUAL PERSONALITY.

> Defendant drugstore owner, employer in drugstore business of plaintiff who sustained an injury compensable under the workmen's compensation act when she walked into a suddenly opened door of a building used by defendant for a laundromat business some distance away from the drugstore, *held*, not to be "some person other than * * * the employer" within the meaning of third-party liability section of workmen's compensation act, in tort action by employee against employer in his capacity as owner of the door for negligence in locating and maintaining the door (CLS 1961, § 413.15).

6. HUSBAND AND WIFE—DERIVATIVE ACTION—LOSS OF CONSORTIUM—
FAILURE OF PRINCIPAL ACTION.

> Action by husband for loss of consortium against tortfeasor must fail where principal action by his wife against tortfeasor is barred by exclusive remedy provision of workmen's compensation act (CL 1948, § 411.4).

Appeal from Kalamazoo, Van Valkenburg (Wade), J. Submitted Division 3 January 9, 1968, at Grand Rapids. (Docket No. 3,610.) Decided May 29, 1968. Leave to appeal denied September 30, 1968. See 381 Mich 778.

Complaint by Marjorie Hudson against Austin H. Allen and Lamoin M. Allen for negligence in location and maintenance of a building door. Derivative action by John E. Hudson for loss of consortium. Defendants' motion for accelerated judgment denied. Defendant Austin H. Allen appeals. Reversed.

*Charles E. Martell* and *Eugene Field,* for plaintiffs.

*Troff, Lilly, Bonow, Piatt & File,* and *Cholette, Perkins & Buchanan (Richard Ward,* of counsel), for defendants.

NEAL E. FITZGERALD, J. Defendant brings appeal
from an order denying his motion for accelerated
judgment,[1] charging that the plaintiffs' claim for
damages is barred by the plaintiff Marjorie Hud-
son's application for and acceptance of compensa-
tion under the workmen's compensation act.[2]

Defendant Austin H. Allen is the proprietor of
a drugstore at 5922 Kings highway in Comstock,
Michigan, doing business under the assumed name
of "Allen Super Drugs". Several doors away in
the same block of stores Allen also operates the
"Comstock Laundromat". Plaintiff Marjorie Hud-
son was employed in the drugstore on September
12, 1964, the day she sustained the injuries that
form the basis of her claim here. While in the
course of her employment, plaintiff was delivering
a hamburger from the drugstore to a customer
down the street. As plaintiff passed the Comstock
Laundromat while on this mission, the door of the
laundromat suddenly opened, and she went through
it, cutting herself severely. She alleges negligence
in the location and maintenance of the door.

Defendant Austin H. Allen is the sole proprietor
of both Allen Super Drugs and the Comstock
Laundromat. The records are kept in common, and
all tax liability incurred in the operation of both
the drugstore and the laundromat is reported and
paid under the Allen Super Drug title.

Plaintiff Marjorie Hudson applied for compensa-
tion, and over a period of 86 weeks received
amounts totaling $2,637.62. On November 7, 1966,
she brought this action against Austin H. Allen,
claiming $100,000 damages. John E. Hudson, plain-
tiff's husband, sues for the loss of his wife's con-
sortium. Lamoin M. Allen, the defendant's wife,

---

[1] See GCR 1963, 116.

[2] CL 1948, § 411.1 *et seq.*, as amended (Stat Ann 1960 **Rev and**
Stat Ann 1968 Cum Supp § 17.141 *et seq.*).

was later joined as a party defendant since she shares in the profits of her husband's business enterprise.

The defendants moved for accelerated judgment, asserting that the claims of the plaintiffs were barred because Marjorie Hudson had exhausted the exclusive remedy for her injuries by applying for and accepting compensation. The trial court denied the motion, and the issue is here on appeal.

The defendants rely on the provision of the workmen's compensation act granting release from liability at law to any employer covered by the act:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer." CL 1948 § 411.4 (Stat Ann 1960 Rev § 17.144).

"If the employee, or his dependents, in the case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury." CL 1948, § 416.1 (Stat Ann 1960 Rev § 17.212).

The plaintiffs claim that the defendant was, in the operation of his laundromat, a legal personality separate and distinct from the legal personality operating the drugstore, and that therefore, as the tortfeasor here, the defendant was a "person other than * * * the employer" within the meaning of part 3, § 15 of the workmen's compensation act:

"Where the injury for which compensation is payable under this act was caused under circum-

stances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189).

The question before us is whether the defendant Austin H. Allen may be considered for the purposes of this action "some person other than * * * the employer".

Plaintiffs rely primarily on the California case of *Duprey* v. *Shane*, (1952), 39 Cal 2d 781 (249 P2d 8), asserting that, although the decision is not authority in this jurisdiction, the analogy it bears to the instant case provides cogent support for this claim. In *Duprey*, the plaintiff was a practical nurse in the employ of the Shane Diagnostic Foundation, a partnership of which the defendant Dr. Shane was a member, engaging in the practice of chiropractic medicine. The plaintiff injured her neck in the course of her employment while trying to prevent a patient from falling off a treatment table. She requested treatment from the defendant Dr. Shane whose application of muscular pressure, she alleged, aggravated the injury to her neck. After applying for and receiving compensation under the California labor code, the plaintiff sued the defendant doctor for malpractice, and she obtained a jury verdict. The defendant appealed, alleging that the compensation award barred recovery in an action at law. The California supreme court affirmed the judgment, saying:

"The question involved can be stated as follows: Where an employee of a doctor is injured in the course and scope of the employment, and the insured employer treats the industrial injury, and does so negligently, proximately causing a new and further injury and disability, may the employee sue the employer-doctor for malpractice, or has the commission exclusive jurisdiction? It is our conclusion that, when the employing doctor elected to treat the industrial injury, * * * the doctor assumed the same responsibilities that any doctor would have assumed had he been called in on the case." 39 Cal 2d 781, 789 (249 P2d 8, 13).

*Duprey* v. *Shane, supra,* differs crucially from the case at bar. The recovery at law allowed in *Duprey* was on account of the second injury caused by the malpractice of the defendant doctor, who elected to treat the plaintiff's first injury, the industrial injury, which the California court recognized would not be compensable at law. The parties, who were in the relationship of employer and employee, voluntarily entered into the second relationship of doctor and patient, out of which resulted plaintiff's second injury for which she was awarded damages on account of the defendant's malpractice. In the instant case, on the other hand, one injury only is involved.

*Helmic* v. *Paine* (1963), 369 Mich 114, urged by plaintiffs, does not aid our decision here, for in *Helmic* the question was whether the plaintiff and defendant were, at the time of the plaintiff's injury, fellow employees within the meaning of the workmen's compensation act.

The fundamental question we must decide is not novel in this jurisdiction. In *Bross* v. *City of Detroit* (1933), 262 Mich 447, a city fireman, who was injured when his ladder truck collided with a streetcar belonging to the city of Detroit, attempted

to win damages at law against the city, after having accepted a pension in lieu of compensation. The fireman contended that even if the provisions of the workmen's compensation act were applicable, the act did not operate to bar his claim since he alleged a second legal personality in the city as the operator of the street railway system. The court decided otherwise, rejecting the contention that the city in its operation of the street railway system was "some person other than  *  *  *  the employer."

Our Supreme Court refused to adopt the dual personality theory in *Bross,* and the statute as then in effect included the same wording on which we are asked to base a finding that the defendants must respond in damages here: "some person other than *  *  *  the employer." Our conclusion is that, had the legislature desired the word "employer" as used in part 3, § 15 to be understood in a dual sense under certain circumstances, it could have so provided. And this conclusion is reinforced by the observation that the lawmakers did create just such a dual personality in providing that, for the purposes of the workmen's compensation act, a working partner can also be considered an employee of a partnership. CLS 1961, § 411.7 (Stat Ann 1968 Cum Supp § 17.147). This duality is discussed and interpreted by Justice OTIS SMITH in *Ayers* v. *Genter* (1962) 367 Mich 675, in which the Court allowed a suit against a partnership by a partner who was injured while working at a construction site.

It is also pertinent to note the act requires that every insurance contract covering an employer "shall in one and the same insurance policy, insure, cover and protect all the businesses, employees, enterprises and activities of such employer". CLS

1961, § 414.1 (Stat Ann 1960 Rev § 17.195). This section provides the inference that, in the conception of the legislature, each employer raises one large umbrella to cover all persons whom he may employ, and this again reinforces our conclusion that the defendant Austin H. Allen may not here be considered "some person other than * * * the employer". Absent a statutory provision creating a dual personality, such as is found in CLS 1961, § 411.7, *supra,* we will not recognize one.

Furthermore, the fact that the laundromat operated by the defendant Austin H. Allen was not set up as an independent legal entity, that all its records were kept in common with those of the drugstore, and that its withholding taxes and other taxes were reported and paid under the Allen Super Drug title, demonstrates that the two businesses were operated as one entity. The two operations realistically represent a single unit with a single employer, and we do not find a dual legal personality in the defendant Austin H. Allen under these circumstances.

We therefore must disagree with the learned circuit judge in his conclusion that the defendant Austin H. Allen should be considered "some person other than * * * the employer" for the purposes of plaintiffs' action. We conclude that the statute means exactly what it says, and Austin H. Allen is the employer and only the employer, and not a third party in relation to Marjorie Hudson. Therefore Marjorie Hudson's exclusive remedy for the injuries she sustained on September 12, 1964 while in the employ of the defendant is under the workmen's compensation act. CL 1948, § 411.4, *supra.*

The action of plaintiff's husband, John E. Hudson, for loss of consortium, must also fail. *Balcer*

v. *Leonard Refineries, Inc.* (1963), 370 Mich 531; *Moran* v. *Nafi Corporation* (1963), 370 Mich 536.

Reversed. Costs shall be paid by the appellees.

JOHN W. FITZGERALD, P. J., and BURNS, J., concurred.