**Elaine COHN, Individually and as next friend of Eanen Cohn, a minor, Appellant,**

v.

**SPINKS INDUSTRIES, INC., Appellee.**

No. 20322.

Court of Civil Appeals of Texas, Dallas.

June 13, 1980.

Rehearing Denied July 8, 1980.

John Howie, Law Offices of Windle Turley, Dallas, for appellant.

L. W. Anderson, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment entered for defendant Spinks Industries, Inc. in a wrongful death action brought by the decedent's wife and child. Plaintiff alleged that although the decedent was defendant's employee and was in the course of his employment at the time of his fatal injury, defendant, as the lessor of the defective helicopter which decedent was piloting when it crashed, was strictly liable in tort under the "dual capacity" doctrine. Defendant answered and moved for summary judgment contending that at the time of the crash decedent was an employee of defendant, that as such he was covered by and collected benefits under defendant's policy of workers' compensation insurance, and that, by virtue of section 3a of article 8306 of the Texas Revised Civil Statutes, plaintiff's decedent waived the cause of action now asserted by plaintiff. The trial court granted defendant's motion for summary judgment. We affirm.

This case arose out of the crash of a Bell helicopter piloted by decedent, and in which crash decedent was killed. The helicopter was purchased, rebuilt, and maintained by defendant, and leased to Helix Air Transports, Inc., a wholly owned subsidiary of defendant engaged in air taxi operations. Decedent was employed by defendant to serve as a helicopter pilot for Helix; no contention is made here that the decedent was not acting in the course of his employment for defendant at the time of the crash.

The primary question raised on this appeal is whether, in Texas, a decedent's spouse and children may state a cause of action based on strict liability in tort, even

though the defendant was the employer of the decedent, the decedent's death occurred in the course of his employment, and plaintiff recovered benefits under defendant's workers' compensation insurance policy, when defendant purchases the product in question for lease to the public generally rather than only for its sole use. Determination of this question requires an examination of the workers' compensation law and the "dual capacity" doctrine.

The pertinent provisions of our workers' compensation law read in part as follows:

> The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for.

Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (Vernon 1967).

> An employee of a subscriber shall be held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right or if the contract of hire was made before the employer became a subscriber, if the employee shall not have given the said notice within five days of notice of such subscription.

*Id.* § 3a. The Texas Supreme Court has held that when the employee and employer have elected to participate under the workers' compensation law, that law provides the exclusive system governing compensation for injuries arising from employment. The law provides an employee a prompt and sure form of remuneration without proof of

his employer's negligence, but this is in lieu of and in derogation of his common law causes of action. An employer is protected from having to defend numerous lawsuits by its employees and having to pay out unlimited recoveries, but is stripped of substantial defenses to employees' claims. *Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex. 1974). Thus, the law represents a trade off between employer and employee in relation to all employment related injuries.

The "dual capacity" doctrine has arisen in recent years as an attempt in certain situations to circumvent this limitation of the workers' compensation laws. One author explains the doctrine as follows:

> Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as an employer.
>
> .    .    .    .    .
>
> The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer.

2A A. Larson, The Law of Workmen's Compensation § 72.80, at 14–112, 14–117 (1976).

We have found no Texas cases directly addressing the applicability of this doctrine to our workers' compensation law. Courts in several other states have addressed this question; however, no clear pattern of decisions is evident. Reasons employed by those courts that have accepted the dual capacity doctrine include: that only those causes of action in existence at the time workers' compensation laws were enacted are effected by the exclusivity clauses in those laws, and since strict liability in tort is a relatively new cause of action it is not excluded, *Douglas v. E. & J. Gallo Winery*, 69 Cal.App.3d 103, 137 Cal.Rptr. 797, 802 (Ct.App. 1977); *contra Winkler v. Hyster*

*Co.*, 54 Ill.App.3d 282, 12 Ill.Dec. 109, 112, 113, 369 N.E.2d 606, 609–10 (1977); that when the product or service causing injury or death is not solely a product or service provided by the employer and available to employees, but rather a product or service made available to the public generally, the employer should be treated as a third party who is subject to suit [1] under most workers' compensation laws, *Douglas,* 137 Cal.Rptr. at 802; *Guy v. Arthur H. Thomas Co.,* 55 Ohio St.2d 183, 378 N.E.2d 488, 492 (1978); *Mercer v. Uniroyal, Inc.,* 49 Ohio App.2d 279, 361 N.E.2d 492, 496 (Ohio Ct.App. 1976); *cf. Reed v. Steamship Yaka,* 373 U.S. 410, 415–16, 83 S.Ct. 1349, 1353, 10 L.Ed.2d 448 (1963) (exclusivity clause of Longshoremen's and Harbor Workers' Act does not bar longshoreman's cause of action against employer for violation of its duty in separate capacity as shipowner); *contra Winkler,* 369 N.E.2d at 609; and that the modern complexity of a corporation's economic structure should not dictate an employee's right to recover by allowing a corporation to merge with an employer and thereby preclude an employee's right to recover for injuries thereafter caused by the corporation's products or services, *Douglas,* 137 Cal. Rptr. at 801–03; *Mercer,* 361 N.E.2d at 496. *See generally* Comment, *Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine,* 5 St. Mary's L.J. 818 (1974).

The primary reason employed by those courts that have rejected the dual capacity doctrine is that the language of the workers' compensation laws indicate a legislative intent that the remedies provided be exclusive. *State v. Purdy,* 601 P.2d 258, 260 (Alaska 1979); *Profilet v. Falconite,* 56 Ill. App.3d 168, 14 Ill.Dec. 16, 18, 371 N.E.2d 1069, 1071 (1977); *Winkler,* 369 N.E.2d at 609; *Needham v. Fred's Frozen Foods, Inc.,* 359 N.E.2d 544, 545 (Ind.App. 1977); *Hud-*

*son v. Allen,* 11 Mich.App. 511, 161 N.W.2d 596, 598 (Mich.App. 1968). While these courts recognize that the rights to pursue some common law actions are preserved in workers' compensation laws, they strictly construe and limit these exceptions. They reason that since the legislatures have provided these specific exceptions, if they had intended any other exceptions to exist they would have enacted them. Accordingly, these courts have held that while a defendant-employer may have more than one function, it nonetheless remains an employer within the terms of the workers' compensation laws. *Rosales v. Verson Allsteel Press Co.,* 41 Ill.App.3d 787, 354 N.E.2d 553, 555–56 (1976); *Hudson,* 161 N.W.2d at 598–99; *see Lewis v. Gardner Engineering Corp.,* 491 S.W.2d 778, 779–80 (Ark. 1973).

We find the arguments against adoption of the dual capacity doctrine to be more compelling under the state of the law as it exists in Texas today. The intent of the legislature in enacting our workers' compensation law appears to be unequivocal; this law represents the exclusive remedy an employee has against his employer unless other remedies are expressly provided. To adopt the dual capacity doctrine would do considerable violence to the statutory language. Further, while some authorities have termed the result we reach a simplistic response to a complex question, we do not believe that the creation of a new ground of recovery for employees covered by a workers' compensation law is a proper judicial function.

Accordingly, we affirm the action of the trial court.

---

1. The Texas Workers' Compensation Law provides for actions by an employee against third parties as follows:

> Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that per-

son to recover damages or against the association for compensation under this law, and if he proceeds at law against the person other than the subscriber, then he shall not be held to have waived his rights to compensation under this law.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp. 1980).