Donna Jean MOTT, Individually and as next friend of Jerry Wayne Mott, Jr. et al., Plaintiffs-Appellants,

v.

MITSUBISHI INTERNATIONAL CORPORATION et al., Defendants,

Union Carbide Corporation, Defendant-Appellee.

No. 79–2399.

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 13, 1981.

Charles M. Wilson, III, Dallas, Tex., for plaintiffs-appellants.

Lancaster Smith, Harvey L. Davis, Scott Smith, Dallas, Tex., for defendant-appellee.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

GEE, Circuit Judge:

Jerry Mott was employed as a battery salesman by defendant Union Carbide. In servicing his accounts, his duties included picking up from customers, and disposing of, defective batteries. During his period of employment with the defendant, Mott contracted amyotrophic lateral sclerosis, a terminal illness colloquially known as "Lou Gehrig's disease." Alleging that the ailment was caused by his handling of the defective batteries, which contained certain "heavy chemicals," Mott filed suit in federal district court against Union Carbide and several chemical manufacturing concerns on products liability theories of recovery. During the course of litigation, Mott died; his widow and mother were substituted as plaintiffs. Claims against three of the chemical firms were dismissed without prejudice, and summary judgment was granted Union Carbide and the remaining defendant. Plaintiffs appeal in this proceeding only from the grant of summary judgment for the employer Union Carbide.

█ In granting defendant's motion for summary judgment, the district judge found that a Texas state court would not recognize the "dual capacity" exception [1] to the exclusive remedy provided in the state workers' compensation statute. Tex.Rev. Civ.Stat.Ann. art. 8306, § 3. He has proved to be a skillful forecaster. Subsequent to the district court's decision in this case, the Court of Civil Appeals, an intermediate state appellate court, rejected the dual capacity argument in *Cohn v. Spinks Industries, Inc.*, 602 S.W.2d 102 (Tex.Civ.App.— Dallas 1980, writ ref'd n. r. e.).

A decision of the Court of Civil Appeals is controlling on questions of state law in this court, absent strong indication that the Texas Supreme Court would decide the issue differently. *See Bailey v. Southern Pacific Transportation Co.*, 613 F.2d 1385 (5th Cir. 1980); *Allen v. A. G. Edwards & Sons, Inc.*, 606 F.2d 84 (5th Cir. 1979). As noted in the citation to *Cohn* above, in refusing to consider further appeal in that case, the state supreme court has indicated that it is not dissatisfied with the rejection of the dual capacity doctrine.[2] The order of the district court is AFFIRMED.

---

1. The dual capacity doctrine is explained in 2A A. Larson, *Workmen's Compensation* § 72.80 at 14–112 (1976): "Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as an employer."

2. Tex.R.Civ.P. 483 reads in part: "In all cases where the Supreme Court is not satisfied that the opinion of the Court of Civil Appeals in all respects has correctly declared the law, but is of the opinion that the application presents no error which requires reversal, the Court will deny the application with the notation 'Refused. No Reversible Error.'"