**Lucy GORE, Appellant,**

v.

**AMOCO PRODUCTION COMPANY, Appellee.**

**No. 17898.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 19, 1981.

Paul R. Fransway, Williams & Boyd, Houston, for appellant.

Avarita L. Hanson, Fulbright & Jaworski, Houston, for appellee.

Before EVANS, WARREN and DOYLE, JJ.

EVANS, Justice.

This is a common law personal injury action brought by an employee against her employer. The plaintiff alleged that she was injured when she fell over a roll of carpeting lying in the hallway of her employer's premises during the course of remodeling work.

The trial court entered summary judgment in favor of the employer, concluding, as a matter of law, that the exclusivity provisions of the Texas Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, §§ 3 and 3a precluded the plaintiff's recovery. The record indicates that the plaintiff had received the sum of $16,500 from the employer's compensation carrier pursuant to a court approved settlement, and the sole question before this court is whether the plaintiff was entitled to assert a common law action against the employer on the theory that the employer, having acted in a dual capacity, was liable both as an employer and as an occupier of the premises.

The Texas Workers' Compensation Act provides, in effect, that an employee of a subscriber has no common law right of action to recover damages for injuries sustained in the course of employment unless appropriate notice is given to the employer, as provided in the Act, at the time the employment contract is made.

This court has held than an employee who had received compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., was not precluded from recovering damages based upon the alleged unseaworthy condition of the vessel upon which he was injured. *Terry v. Southeast Packing Co.*, 416 S.W.2d 624 (Tex.Civ.App.—Houston 1967, no writ). However, in that case this court was governed by an express holding by the United States Supreme Court that the Longshoremen's and Harbor Workers' Compensation Act did not bar an action based upon the unseaworthiness of the employer's vessel. *Reed v. S.S. Yaka*, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed. 448 (1963).

The so called "dual capacity" doctrine has recently been rejected by a Texas Court of Civil Appeals in a products liability case, and the Texas Supreme Court has refused application for review of that case, finding no reversible error. *Cohn v. Spinks Industries, Inc.*, 602 S.W.2d 102, 104 (Tex.Civ. App.—Dallas 1980, writ ref'd n. r. e.). In the *Cohn* case the deceased employee's wife and child brought a wrongful death action, alleging that the decedent's employer, as lessor of a defective helicopter which the employee had been piloting at the time of the accident, was strictly liable in tort under the "dual capacity" doctrine. Holding that the Texas Workers' Compensation Law constituted the employee's exclusive remedy, the Dallas Court of Civil Appeals concluded:

> We find the arguments against adoption of the dual capacity doctrine to be more compelling under the state of the law as it exists in Texas today. The intent of the legislature in enacting our workers' compensation law appears to be unequivocal; this law represents the ex-

clusive remedy an employee has against his employer unless other remedies are expressly provided. To adopt the dual capacity doctrine would do considerable violence to the statutory language..." 602 S.W.2d 104.

For the reasons stated in the *Cohn* case, the "dual capacity" doctrine will not be applied in the case at bar.

The trial court judgment is affirmed.