Arnold Grant HOLT, Appellant,

v.

PRELOAD TECHNOLOGY,
INC., Appellee.

No. 08–89–00095–CV.

Court of Appeals of Texas,
El Paso.

July 19, 1989.

Richard K. Berger, Frank L. Branson, George Quesada, Law Offices of Frank L. Branson, P.C., Dallas, for appellant.

P. Michael Jung, C. Vernon Hartline, Jr., Strasburger & Price, Dallas, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

The injured workman who filed this case against his employer in the trial court seeks to recover damages despite the protection from such suits by the Workers' Compensation Act. We are asked to declare that statute unconstitutional or create a special exception and permit this suit to continue. We decline the invitation and affirm the trial court's judgment dismissing the suit.

Arnold Holt was injured when the dome of a 10,000,000 gallon storage tank collapsed beneath him and he fell sixty feet onto the floor of the tank. As a result of the fall, he suffered a cervical dislocation which has resulted in him becoming a quadriplegic. Mr. Holt filed this suit against Preload Technology, Inc., an architectural engineering and construction company which was Appellant's employer and was the architect-engineer of the work Mr. Holt was performing when the accident occurred. The suit claimed that Appellee was grossly negligent in permitting Appellant and other workmen to work under dangerous conditions. It also alleged that Tex.Rev.Civ.Stat.Ann. art. 8306, secs. 3, 3a and 5 (Vernon 1967), the provisions of the Workers' Compensation Act which bar Appellant's recovery, violate Article I, Sec-

tions 3, 13 and 19 of the Texas Constitution. It is further contended that since the Appellee was performing work in a dual capacity as an employer and as the architect-engineer on this job, that the injured workman could recover his damages for ordinary negligence.

The Appellee filed special exceptions to all of these allegations and asserted that all claims were barred by the Texas Workers' Compensation Act. The trial court sustained these exceptions and when Appellant refused to replead, the suit was dismissed for failure to state a cause of action. This suit was severed from the claims against other parties.

■ It is initially contended that this suit should not have been dismissed because it was based upon the dual capacity doctrine. That doctrine was first considered, and rejected by the courts in this state in *Cohn v. Spinks Industries, Inc.*, 602 S.W.2d 102 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r. e.). In that wrongful death case, recovery was sought under the doctrine of strict liability against an employer who was the lessor of a defective helicopter. Justice Robertson reviewed those cases from other jurisdictions which had adopted and rejected the dual capacity theory and in finding the arguments against adoption of the doctrine more compelling wrote:

> The intent of the legislature in enacting our workers' compensation law appears to be unequivocal; this law represents the exclusive remedy an employee has against his employer unless other remedies are expressly provided. To adopt the dual capacity doctrine would do considerable violence to the statutory language.

The court concluded that the creation of a new ground of recovery for employees covered by the workers' compensation law is not a proper judicial function.

In both *Gore v. Amoco Production Company*, 616 S.W.2d 289 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); and *Davis v. Sinclair Refining Company*, 704 S.W.2d 413 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.), courts of this state rejected the dual capacity doctrine.

In the latter case, Chief Justice Brown noted that the Act is clear that once the employee elects to accept benefits from the employer under the Act, he has no further cause of action against the employer. In applying Texas law, the federal courts have reached the same results. *Mott v. Mitsubishi International Corporation*, 636 F.2d 1073 (5th Cir.1981).

In the leading authority on the subject, A. Larson, *The Law of Workmen's Compensation*, Vol. 2A, sec. 72.81(a) (1988), the author gives an analysis of the application of the doctrine as follows:

> In a sense, a single legal person may be said to have many "capacities," since that term has no fixed legal meaning. As a result, a few courts have stretched the doctrine so far as to destroy employer immunity whenever there was, not a separate legal person, but merely a separate relationship or theory of liability. When one considers how many such added relations an employer might have in the course of a day's work—as landowner, land occupier, products manufacturer, installer, modifier, vendor, bailor, repairman, vehicle owner, shipowner, doctor, hospital, health services provider, self-insurer, safety inspector—it is plain enough that this trend could go a long way toward demolishing the exclusive remedy principle.

Professor Larson noted that the Tennessee Supreme Court, brushing aside all the fictitious sophistry of "dual capacity," nailed down this point with breathtaking simplicity when it wrote:

> The employer is the employer; not some person other than the employer. It is as simple as that.

[See *McAlister v. Methodist Hospital of Memphis*, 550 S.W.2d 240, 246 (Tenn. 1977)]. The author concludes with the history of the doctrine by saying:

> The dual capacity doctrine, in spite of widespread and varied attempts to invoke it as a way to defeat exclusiveness, flourished in only two states, Ohio and California, and even there for only a few years, from 1977 to 1983.

Larson, *The Law of Workmen's Compensation*, Vol. 2A, sec. 72.81(c) (1988).

The Appellant relies upon the decisions in *McKelvy v. Barber*, 381 S.W.2d 59 (Tex. 1964) and *Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705 (Tex.Civ.App.— Dallas 1963, writ ref'd n.r.e.), to support his contention that an employee may sue an employer where a relationship other than employer-employee exists. Those cases are not applicable in this case. In the *McKelvy* case, the suit was filed against a doctor who was not the employer of the injured workman, but was "engaged in the general practice of medicine." In its opinion in *Lotspeich*, the court makes it clear that the courts of this state have uniformly held that "the remedy given by the Workmen's Compensation Law is exclusive and that the employee has no right of action against his employer on account of bodily injuries sustained in the course or scope of the employment...."

Having concluded that there is no more valid reason to adopt the dual capacity doctrine today than there was when the Dallas Court of Civil Appeals first rejected the contention, we overrule Point of Error No. One.

■ The Appellant next asserts the trial court erred in dismissing this case based upon Sections 3, 3a and 5 of Article 8306, because those provisions of the Workers' Compensation Act violate Article I, Sections 3, 17 and 19 of the Texas Constitution and the 5th and 14th Amendments of the United States Constitution. He argues that the exclusive remedy provision of the Compensation Act deprives him of property without due process of law and that he has been forced to surrender his rights to full and adequate compensation in exchange for statutory benefits which he receives for surrender of certain common law defenses which he contends no longer stand as a bar to recovery of all of his damages.

While vested rights, including matured causes of action, are protected by the due process provisions of both the Texas and United States Constitutions, mere expectancies are not protected. *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185

S.W. 556 (1916), aff'd 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919); *Coulter v. Melady*, 489 S.W.2d 156 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.), cert. denied, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973). In *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), the court sitting en banc, in an opinion by Justice Sparling, noted that a cause of action does not vest until an injury occurs and that no one has a vested right in any common law rule, and further, that the right to bring a common law action is not a fundamental right. The court said that the legislature may create new rights or abolish old ones to attain a permissible legislative objection.

This specific issue was addressed by the Texas Supreme Court in *Middleton v. Texas Power & Light Co.* In the opinion by Chief Justice Phillips, the court rejected "every possible constitutional question suggested by the act" and in doing so said:

[I]t was in our opinion therefore competent for the Legislature, by this Act, to change both the common law rule of defenses and the common law rule of liability with respect to accidental injuries sustained by an employee in the course of his employment,.... We rest the decision of this question upon what seems to us is the evident proposition that no one has any vested or property interest in the rules of the common law, and therefore no one is deprived of a constitutional right by their change through legislative enactment.... The right to have the liability of an employer for an accidental injury to an employee determined by a common law doctrine is not a constitutional immunity, and this Act in changing that rule of liability therefore invades no constitutional right.

The injury in this case having occurred long after the passage of the Act about which he complains, Mr. Holt did not have any vested right to seek common law damages from his employer. Point of Error No. Two is overruled.

■ Finally, Appellant contends that the provisions of the Compensation Act violate the open court's provision of Article I, Sec-

tion 13 of the Texas Constitution. Every Texas court that has considered the issue has concluded that the exclusivity provisions of the Act do not violate the open court's provision. *Edmunds v. Highrise, Inc.,* 715 S.W.2d 377 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd); *General Elevator Corporation v. Champion Papers,* 590 S.W.2d 763 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Jones v. Jeffreys,* 244 S.W.2d 924 (Tex.Civ.App.—Dallas 1951, writ ref'd). Two writ refused cases would seem to foreclose the need for further discussion. Point of Error No. Three is overruled.

Although this particular workman may not be fully compensated because of the severity of his injuries, that does not give him the right to avoid the consequences of the law which was passed to protect injured workmen. Any exception to the protection provided to employers by the Act must be created by the legislature which created the rights in the first place and not the courts, which did not create the Act and should not now amend it by judicial decree.

The judgment of the trial court is affirmed.