Dalia H. LAWLER, Appellant,

v.

DALLAS STATLER–HILTON JOINT VENTURE, et al., Appellees.

No. 05–89–01107–CV.

Court of Appeals of Texas, Dallas.

May 17, 1990.

Rehearing Denied June 20, 1990.

Raymond J. Elliott, John C. Wren, Dallas, for appellant.

Byron L. Falk, Mark J. Hansen, Dallas, for appellees.

Before WHITHAM, ROWE and BAKER, JJ.

## OPINION

ROWE, Justice.

Dalia H. Lawler sued Dallas Statler–Hilton Joint Venture, Hilton Hotels Corpora-

tion, the Prudential Insurance Company of America, and Commerce Garage Joint Venture for negligence on the basis of premises liability. Dallas Statler–Hilton, Commerce Garage, Prudential, and HHC moved for summary judgment. The trial court granted their motion. Lawler appeals, urging six points of error. We overrule all six points and affirm the judgment of the trial court.

This case arose out of an injury to Lawler when she was working at the downtown "Dallas Hilton" Hotel as a maid supervisor. A portion of the hotel ceiling fell on her. She filed a claim for workers' compensation benefits against Texas Employers' Insurance Association and received an award of $10,800 and reasonable and necessary medical expenses. The TEIA policy named HHC and "Dallas Hilton" as the insureds. The hotel was owned by the Dallas Statler–Hilton Joint Venture at the time of Lawler's injury. Prudential and HHC were the individual members of the Dallas Statler–Hilton joint venture. Under a Lease and Management Agreement, HHC managed the hotel on behalf of the joint venture.

Lawler then sued Dallas Statler–Hilton, Commerce Garage, Prudential, HHC, and Willie Lee Williams[1] for negligence. Hilton denied Lawler's allegations on two grounds: (1) Lawler was precluded, pursuant to the exclusive remedy provision of the Texas Workers' Compensation Act, from suing the joint venture or its individual members, HHC and Prudential, and (2) Commerce Garage had no connection with the hotel premises, and therefore there was no causal link between Lawler's accident and Commerce Garage. In response, Lawler attacked the sufficiency of Hilton's summary judgment proof alleging, inter alia, that the affidavits of David Carnley, a Senior Claims Administrator for HHC, and Jean Pool, hotel paymaster, were conclusory, speculative, not based on personal knowledge, and violative of the best evidence rule, that the original petition in Lawler's workers' compensation claim was

not attached, and, consequently, the final judgment thereon was inadequate proof of the circumstances surrounding her prior recovery, and that there was no showing that the attached copy of the Lease and Management Agreement was true and correct. Two days before the hearing on the summary judgment motion, Hilton moved for leave to file two additional affidavits, purporting to cure Lawler's objections. The trial court heard and granted both the summary judgment motion and the motion for leave to file the additional affidavits. On appeal, Lawler contests the granting of both motions.

In her first point of error, Lawler contends that the trial court erred in granting Hilton's motion for leave to file affidavits in support of its motion for summary judgment less than twenty-one days before the summary judgment hearing. We disagree and overrule Lawler's point of error.

Texas Rule of Civil Procedure 166a(c) allows a movant for summary judgment to file the motion and any supporting affidavits less than twenty-one days before the hearing *with* leave of court and notice to opposing counsel. TEX.R.CIV.P. 166a(c). Rule 166a(e) states, in part, that "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with *opportunity, but refusal,* to amend." TEX.R.CIV.P. 166a(e) (emphasis added).

Hilton filed its motion for summary judgment on March 21, 1989. The hearing was scheduled for April 13, 1989. On March 30, 1989, Lawler filed a response to Hilton's motion in which she raised objections to Hilton's summary judgment evidence. In an attempt to cure Lawler's objections, Hilton moved for leave to file supplemental affidavits two days before the hearing. The trial court granted Hilton leave to file the late affidavits.

---

1. Throughout this opinion, the term "Hilton" will be used to collectively refer to the appellees. Dallas Statler–Hilton Joint Venture will be referred to as the joint venture or Dallas

Statler–Hilton. Lawler settled with Williams prior to entry of the trial court judgment; therefore, Williams is not a party to this appeal.

■ In our view, Hilton's late filing is permissible under rule 166a(c). The trial court expressly granted leave, and the record further shows that notice was given to Lawler. Thus, the requirements of rule 166a(c) are met. Lawler, however, contends that the court's action gave Hilton an unfair advantage because it left her with only two days to respond and left her response dependent upon leave of court. Lawler relies on *Extended Services Program, Inc. v. First Extended Service Corp.*, 601 S.W.2d 469 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), in which this Court held that it was an unfair advantage to permit the movant to serve his summary judgment evidence on the nonmovant seven days before the hearing, thus requiring the nonmovant's response to depend upon leave of the court. *Extended Services*, 601 S.W.2d at 470.

We disagree with Lawler that Hilton was given an unfair advantage. In *Extended Services*, the Court found an unfair advantage where the requirements of rule 166a were not met and the movant had no summary judgment evidence on file twenty-one days before the hearing. The case at bar is distinguishable. For instance, the movant in *Extended Services* did not request leave for a late filing. Rule 166a(c) permits late filing with leave of the court. Hilton requested and received leave to file the supplemental affidavits. In addition, in *Extended Services* there was no summary judgment evidence on file twenty-one days before the hearing, and the nonmovant had no evidence to consider and refute until the movant filed the late summary judgment evidence. In the case at bar, Hilton filed summary judgment evidence twenty-one days before the hearing, thereby giving Lawler the required fourteen days to respond. Thus, Lawler, unlike the nonmovant in *Extended Services*, had an opportunity to consider and respond to the movant's summary judgment evidence without having to depend on leave of the court. Furthermore, the supplemental affidavits were an attempt to cure objections raised by Lawler to Hilton's original summary judgment evidence. Rule 166a(e) contemplates that an opportunity to amend be given. In the absence of an opportunity to amend, we could not consider Lawler's objections under rule 166a(e); consequently, Lawler cannot complain after making objections that Hilton took the opportunity to amend. Given the facts in this record, we conclude that the trial court did not err in granting Hilton leave to file supplemental affidavits. Lawler's first point of error is overruled.

In points of error three and four, Lawler contends that the trial court erred in granting summary judgment as to Dallas Statler–Hilton, Prudential, and HHC because the summary judgment proof did not establish conclusively that all the joint venturers were shielded from liability under the workers' compensation law. The principal argument made is that HHC's status with respect to Lawler's employment is discrete from HHC's status as a joint venturer. Undergirding this argument is the principle that in determining rights and liabilities of joint venturers, Texas follows the entity theory. We disagree with Lawler's argument and overrule the third and fourth points of error.

■ The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Wilcox v. St. Mary's Univ., Inc.*, 531 S.W.2d 589, 592–93 (Tex.1975); TEX.R. CIV.P. 166a(c). In our review of the summary judgment evidence, we must follow the standards enunciated in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985):

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant must be taken as true.

(3) Every reasonable inference must be indulged in favor of the nonmovant and doubts resolved in its favor.

690 S.W.2d at 548–49. Also, the movant is confined to the specific grounds set forth in the motion. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); Tex.R.Civ.P. 166a(c).

In its motion for summary judgment, Hilton contends that the joint venture and its members, HHC and Prudential, were each Lawler's employers and, therefore, immune from liability beyond the workers' compensation award. In her third point of error, Lawler takes the position that she was employed solely by HHC and that only HHC was named as an insured on the workers' compensation policy; therefore, the award is exclusive only as to HHC in its individual capacity. Additionally, Lawler contends that these differences raise a fact issue as to who her employer was. In her fourth point of error, Lawler contends that even if the joint venture is an employer based on its right to control Lawler's actions through HHC, there still is no evidence that Prudential is an employer; therefore, Prudential is not protected by the exclusive remedy provision.

■■■ The Texas Workers' Compensation Act provides the exclusive remedy of an employee injured in the course of employment against a subscribing employer. "The employees of a subscriber ... shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries ..." Tex.Rev.Civ.Stat. Ann. art. 8306, § 3(a) (Vernon Supp.1990). Under the Act an employee has a prompt and sure form of remuneration in lieu of common law liability based on negligence. In return, the employer is protected from having to defend numerous lawsuits by its employees, but the employer also loses substantial defenses to employees' claims. *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529 (Tex.1974). Thus, the law represents a trade-off between employer and employee in relation to all employment-related injuries. *Cohn v. Spinks Indus., Inc.*, 602 S.W.2d 102, 103 (Tex.App.—Dallas 1980, writ ref'd n.r.e.). Lawler, therefore, is barred from pursuing a claim for personal injuries against her employer and

against any agent, servant, or employee of her employer outside workers' compensation. Consequently, the relevant question is who is Lawler's employer?

By way of introduction to the subject, we note that, with respect to a partnership, Texas courts have held that where a partnership is an employer, the individual partner is also an employer and not an employee as contemplated by the Workers' Compensation Act. *Powell v. Vigilant Ins. Co.*, 577 S.W.2d 364, 366 (Tex.Civ.App.—Tyler 1979, no writ). As authority for its conclusion, the *Powell* court cited decisions holding that under normal circumstances a partner is not an employee within the meaning of the Workers' Compensation Act. *Powell*, 577 S.W.2d at 366 (citing *Superior Ins. Co. v. Kling*, 160 Tex. 155, 157, 327 S.W.2d 422, 424 (1959); *Southern Sur. Co. v. Inabnit*, 119 Tex. 67, 72, 24 S.W.2d 375, 377 (Tex.Comm'n App.1930, opinion adopted); *Berger v. Fidelity Union Casualty Co.*, 293 S.W. 235, 236 (Tex.Civ. App.—Galveston 1927, no writ)). The narrow issue which these courts, including *Powell*, addressed was whether a partner was entitled to sue as an employee for workers' compensation benefits for his own personal work-related injury. Admittedly, this is not the case at bar.

So far as we can determine, no Texas court has directly addressed the issue of whether the individual partner in a partnership or the individual member of a joint venture is an employer and thus immune from suit. Numerous other jurisdictions have addressed this issue, however, and the majority have answered in the affirmative. *See Conner v. El Paso Natural Gas Co.*, 123 Ariz. 291, 599 P.2d 247, 249 (Ariz.Ct. App.1979) (for purposes of workers' compensation law, each individual joint venturer is the employer of all employees doing work on behalf of the joint venture and each enjoys the protection of the exclusive remedy provisions); *Sonberg v. Bergere*, 220 Cal.App.2d 681, 34 Cal.Rptr. 59, 60 (1963) (an employee of a joint venture is an employee of each individual member of the joint venture, and, as such, a member of a joint venture is entitled to the protection of the workers' compensation exclusive reme-

dy provisions); *Boatman v. George Hyman Constr. Co.*, 157 Ga.App. 120, 276 S.E.2d 272, 275 (Ga.Ct.App.1981) (a joint venture is not a distinct legal entity separate and apart from the parties composing it, and thus an employee engaged in activities of the joint venture is an employee of each of the joint venturers under ordinary principles of agency); *Carlson v. Carlson*, 346 N.W.2d 525, 527 (Iowa 1984) (a member of a partnership is an employer of the partnership's employees, and thus the employee is precluded from suing a partner in an independent tort action for his injuries received during the course of his employment for the partnership); *Vincent v. Lake Charles Refining Co.*, 434 So.2d 170, 171 (La.Ct.App.), *cert. denied*, 440 So.2d 758 (La.1983) (a joint venture and its members are covered by the workers' compensation exclusive remedy provision); *Rhodes v. Rogers*, 675 S.W.2d 107, 109 (Mo.App.1984) (partnership employee could not maintain an action against a partner as a negligent third party because partner was an employer and therefore liability was exclusively under workers' compensation act); *Papp v. Rocky Mountain Oil and Minerals, Inc.*, 769 P.2d 1249, 1257 (Mont.1989) (members of joint venture immune from liability beyond workers' compensation benefits; it was irrelevant that one joint venturer was responsible for managerial duties); *Haertel v. Sonshine Carpet Co.*, 757 P.2d 364, 366 (Nev.1988) (joint venturers of employer immune from suit by virtue of workers' compensation coverage; where one joint venturer paid the premiums, the benefits of the workers' compensation accrues to the other joint venturers); *Mazzuchelli v. Silberberg*, 29 N.J. 15, 148 A.2d 8, 12–13 (1959) (for purposes of workers' compensation law, a partnership may not be deemed a jural entity distinct from a partner and may not be deemed the sole employer, and, therefore, an employee of the partnership who had a workers' compensation remedy for injuries sustained in the course of his employment could not maintain a common law action against a member of the partnership); *Cipriano v. FYM Assoc.*, 117 A.D.2d 770, 499 N.Y.S.2d 101, 102 (1986) (for purposes of the workers' compensation exclusive remedy provision, a partnership and its partners are considered one entity when acting in furtherance of partnership business, thus prohibiting action against a partner when the partnership is the employer); *W.B. Johnston Grain Co. v. Self*, 344 P.2d 653, 658 (Okla.1959) (joint venture is not a distinct legal entity separate and apart from parties composing it, and employee of joint venture is an employee of each of the joint venturers under ordinary principles of agency); *Long v. Springfield Lumber Mills, Inc.*, 214 Or. 231, 327 P.2d 421, 426 (1958) (where employer and third party entered into a joint venture, then employee became employee of both and could not recover from third party for injuries sustained in the course of business of the joint venture); *Greenya v. Gordon*, 389 Pa. 499, 133 A.2d 595, 596 (1957) (for workers' compensation purposes, an employee could not maintain an action against an individual partner for injuries sustained in course of employment even though injuries were due to negligence of the partner); *Daniels v. Roumillat*, 264 S.C. 497, 216 S.E.2d 174, 176–77 (1975) (partner was an employer of the employee, and employee, having recovered from the partnership under workers' compensation law, was barred by the exclusive remedy provision from pursuing a common law tort action against the partner); *Cook v. Peter Kiewit Sons Co.*, 15 Utah 2d 20, 386 P.2d 616, 618 (1963) (joint venturer's act in paying premiums for workers' compensation also protects other joint venturers); *Candler v. Hardware Dealers Mutual Ins. Co.*, 57 Wis.2d 85, 203 N.W.2d 659, 661 (1973) (members of a partnership are the employers of the partnership's employees, and therefore the members of the partnership were not liable under common law where the employee has recovered a workers' compensation award). Professor Larson, in his treatise on workers' compensation law, notes that "a member of a partnership, even if he is a 'working partner,' is still in law the employer of employees of the partnership and cannot be sued." 2A LARSON, WORKMEN'S COMPENSATION LAW § 72.15 (1989).

While a majority of jurisdictions agree that a partner is also an employer of the

partnership's employees, the basis for reaching this conclusion is not uniform among the courts. For instance, a New York appellate court held that a partnership and its partners were considered one entity when acting in furtherance of partnership business, and, thus, a plaintiff was barred from bringing an action against a partner where the partnership was the employer. *Cipriano*, 499 N.Y.S.2d at 102. In contrast, the Iowa Supreme Court based its holding on the aggregate theory of partnership, reasoning that the partnership is an association of persons who are viewed as co-owners. *Carlson*, 346 N.W.2d at 526. The employee urged the entity theory to the court, arguing that a partnership is an entity in itself rather than an aggregate of its members, and therefore the partnership as a separate entity can be the only employer. *Id.* The *Carlson* Court rejected the employee's contention, noting that the only vestige of the entity theory of partnership in the Uniform Partnership Act is in regard to procedural and conveyancing purposes and that the UPA rejected the entity theory in matters dealing with substantive rights, liabilities, and duties, evidenced by the UPA provision that partners are jointly and severally liable for the partnership's debts. *Id.* at 526–27. To the contrary, the Minnesota Supreme Court, relying on the entity theory of partnership, has held that a partnership, of which a partner is a member, is a separate employing entity. Consequently, the employee of a partnership is not the employee of an individual partner and can recover against such partner, as a third party, for negligent injury incident to employment. *Monson v. Arcand*, 239 Minn. 336, 58 N.W.2d 753, 755–56 (1953).

█ Under Texas law, joint ventures are legal entities described as being "in the nature of a partnership engaged in the joint prosecution of a particular transaction for mutual profit." *Brown v. Cole*, 155 Tex. 624, 631, 291 S.W.2d 704, 709 (1956). Generally, joint ventures are governed by the rules applicable to partnerships. *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex.1988); *Hackney v. Johnson*, 601 S.W.2d 523, 526 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r. e.). Texas, since the adoption of the Uni-

form Partnership Act, expressly follows the entity theory of partnership for most purposes. *Haney v. Fenley, Bate, Deaton and Porter*, 618 S.W.2d 541, 542 (Tex. 1981). Under the Act, four particular areas reflect the entity theory: property, creditors' rights, responsibility, and continuity. Bromberg, *Source and Comments*, TEX.REV.CIV.STAT.ANN. art. 6132b, § 1 (Vernon 1970); *see also Poe v. Hutchins*, 737 S.W.2d 574, 579 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (partnership as entity, not a partner as an individual, assigned leases to successor in interest; therefore, successor in interest was subject to defenses against the partnership but not defenses against the partner individually); *Marshall v. Marshall*, 735 S.W.2d 587, 595 (Tex.App. —Dallas 1987, writ ref'd n.r.e.) (under the entity theory, partnership property is owned by the partnership itself and not by the individual partners; thus the only property subject to a community or separate property characterization would be the partner's interest in the partnership and his right to receive a share of the profits and surpluses from the business); *Seidman & Seidman v. Schwartz*, 665 S.W.2d 214, 218 (Tex.App.—San Antonio 1984, writ dism'd w.o.j.) (under entity theory, the rights of individual partners in specific partnership property are subordinate to the right of ownership of the partnership itself). Beginning with *Haney*, in which the Supreme Court approved the holding of a partnership as an "association" for venue purposes, *Haney*, 618 S.W.2d at 542, Texas courts have also applied the entity theory to procedural issues. *Corinth Joint Venture v. Lomas & Nettleton Fin. Corp.*, 667 S.W.2d 593, 595 (Tex.App.—Dallas 1984, writ dism'd w.o.j.) (if a party wishes to join a partnership in a suit, the partnership entity itself and not the individual partners should be the party sued); *ISO Prod. Management 1982, Ltd. v. M & L Oil and Gas Exploration, Inc.*, 768 S.W.2d 354, 355 (Tex.App.—Waco 1989, no writ) (partnership may be sued in its assumed name without partners being joined as defendants); *Jacox v. Cobb*, 659 S.W.2d 743, 745–46 (Tex.App.—Tyler 1983, no writ) (un-

der entity theory, venue was proper in county of principal office and place of business of partnership). Texas, therefore, appears to be predominantly an entity theory state. Even so, there are still aggregate features to the Act. For instance, the Act provides for the joint and several liability of the partners. TEX.REV.CIV.STAT.ANN. art. 6132b, § 15 (Vernon 1970). Furthermore, the Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." TEX.REV. CIV.STAT.ANN. art. 6132b, § 6(1) (Vernon 1970).

■ In our opinion, the better rule in cases involving claims by employees against employers is the majority rule that the individual partners or joint venturers are also employers of the partnership's or joint venturer's employees. Although in most other areas Texas is predominantly an entity theory state, it is not inconsistent with the UPA or case law to apply the aggregate theory to the employment relationship. Furthermore, our holding is consistent with the theory and practice of workers' compensation law. With the enactment of the Workers' Compensation Act, the Texas legislature made workers' compensation the exclusive remedy which an employee has against his subscribing employer unless other remedies are expressly provided for. *Cohn*, 602 S.W.2d at 104. In *Cohn*, for example, this Court rejected the dual capacity theory that an employer may be liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as an employer. This result was dictated because the legislature unequivocally intended to make workers' compensation the exclusive remedy of an employee against a subscribing employer. *Id.* In consideration of the same legislative intent, we conclude that a partner or joint venturer is also an employ-

er of the partnership's or joint venture's employees. To hold otherwise would run contrary to the rationale in *Cohn* by giving an employee separate recoveries merely because of the employer's dual status. We refuse to thwart the clear legislative intent of the workers' compensation exclusive remedy provision by arbitrarily favoring the entity theory of partnership in this instance. For the above reasons, we hold that an individual partner or an individual member of a joint venture is an employer of the partnership's or joint venturer's employees for purposes of the Texas workers' compensation law.

The undisputed summary judgment proof established that HHC and Prudential were joint venturers who owned the "Dallas Hilton" hotel and that HHC was operating the hotel for the account of the joint venture under terms of a Lease and Management Agreement.[2] The Agreement specifies that "All employees of the Hotel shall be employees of [HHC]." The Agreement grants to HHC "the sole and exclusive right to supervise and direct the management and operation of the Hotel," but this right is expressly limited by all other terms of the Agreement. The Agreement further provides that "[n]othing contained in this Agreement shall constitute or be construed to create a partnership or joint venture between the Owner ... and [HHC]...." Lawler finds in these terms the wherewithal to question the identity of her employer. We conclude otherwise and hold that the Agreement itself legally supports Hilton's position with respect to Lawler's employment.

■ Lawler contests the proposition that the joint venture was her employer on the ground that the joint venture had no direct part in her employment under the Lease and Management Agreement. Lawler reasons that since Dallas Statler–Hilton was not directly involved in the daily management of the hotel, HHC alone controlled

---

**2.** In her second point of error, Lawler complains that the copy of the Lease and Management Agreement attached to Hilton's summary judgment motion was incompetent evidence because there was no showing that it was a true and correct copy. Lawler, however, offers a copy of the same document into evidence in her response to Hilton's summary judgment motion. Since a copy of the Agreement is properly in evidence under *Lawler's response*, we consider the document to be competent summary judgment evidence.

her employment. The fact that the Agreement did not directly involve Dallas Statler–Hilton in the daily management of the hotel does not, however, abrogate the employment relationship between Dallas Statler–Hilton and the hotel employees. The Agreement merely designated HHC as a special agent to act as hotel manager on behalf of its principal, the joint venture. The law of agency, not the law of partnership, was to govern this relationship. Thus, while the Agreement determines who recruited Lawler for employment, who signed her paycheck, and who supervised her job activities, the Agreement does not rob the joint venture of its legal status as her employer.

Lawler attempts to restrict employer status to HHC for purposes of the workers' compensation law by limiting employer status to that entity shown to have actual control over the claimant at the time of the accident. Lawler relies upon *McKelvy v. Barber*, 381 S.W.2d 59, 62–63 (Tex.1964), and *Ward v. Wright*, 490 S.W.2d 223, 225–26 (Tex.Civ.App.—Fort Worth 1973, no writ). The control test was used in *McKelvy* and *Ward*, however, to determine whether the exclusive remedy provision extended to those claiming to be the employer's agents, servants, or employees. *McKelvy*, 381 S.W.2d at 62–63. Since we conclude that as a matter of law all the individual members of a joint venture are employers, this test has no meaningful application under the facts in this record. An employer is, by definition, one with the right of control; and the joint venture, as principal, retained the right of control over those whom its special agent employed.

■■■■ Lawler contends that her affidavit raises a material fact issue as to who employed her. We disagree. Lawler's personal belief that she was employed only by HHC does not create a material fact issue because as a matter of law the joint venture, as well as its individual member HHC, is one of her employers. For the same reason, the fact that the TEIA policy

named only HHC and "Dallas Hilton" as the insureds does not create a material fact issue as to her employment. The undisputed evidence established that "Dallas Hilton" on the policy referred to the joint venture.

In conclusion, competent summary judgment proof established that Lawler recovered a workers' compensation award for the same injury that forms the basis of this lawsuit.[3] Under the exclusive remedy provision, Lawler is barred from pursuing further recovery from her employers and their agents. TEX.REV.CIV.STAT.ANN. art. 8306, § 3(a) (Vernon 1990). Since we hold that as a matter of law Dallas Statler–Hilton, HHC, and Prudential are her employers, the summary judgment was properly granted as to these three appellees. Accordingly, Lawler's third and fourth points of error are overruled.

In her fifth point of error, Lawler complains that the trial court erred in granting Commerce Garage's motion for summary judgment because there was no competent summary judgment evidence presented to support the motion. Lawler raises the incompetency contention in her second point of error. At oral argument, Lawler conceded that if we find the summary judgment evidence competent, the summary judgment in favor of Commerce Garage is proper. We conclude that the summary judgment evidence to support Commerce Garage's motion is both competent and sufficient.

We first examine the competency of the evidence. In his affidavit filed with Hilton's motion for summary judgment, David Carnley, Senior Claims Administrator for HHC, stated in relevant part, that:

> On January 27, 1987, Commerce Garage Joint Venture, in which Hilton and Prudential are also equal partners, was an entity separate and distinct from the Dallas Statler Hilton Joint Venture. The purpose of Commerce Garage Joint Venture was to own and operate the parking

---

**3.** To cure Lawler's initial objections concerning absence of the original petition in the workers' compensation lawsuit, an affidavit from the attorney representing TEIA in that proceeding was subsequently filed with leave of court. Incorporated into this affidavit was a copy of the petition in question, establishing beyond dispute the commonality of the claims.

garage located at 1921 Commerce Street, Dallas, Texas, which was (and remains) across the street from the hotel. Commerce Garage Joint Venture was not a venturer in the hotel, and no act or omission by Commerce Garage contributed to cause the accident involving Dalia Lawler.

Lawler objected to Carnley's affidavit as conclusory in that he states that Commerce Garage Joint Venture contributed in no way to the accident. She also objected to his statements as hearsay since he was not employed by Commerce Garage. Lawler contends that Carnley did not show any relation he had to Commerce Garage, since he did not testify that he was employed by Commerce Garage or otherwise state the basis of his testimony.

Under rule 166a(e), affidavits supporting and opposing summary judgment motions "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." TEX.R. CIV.P. 166a(e); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Rule 166a(c) states, in part, that "[a] summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R.CIV.P. 166a(c).

 Carnley stated that he could testify to the facts contained in the affidavit of his own personal knowledge. He identified his position as a senior claims administrator and stated that, in this position, he supervised Lawler's claim. Carnley further testified that Commerce Garage was an entity separate and distinct from Dallas Statler–Hilton even though HHC and Prudential are the individual members of both joint ventures. He also stated that the purpose of Commerce Garage was to own and operate the parking garage across the street from the hotel. We disagree with Lawler's general contention that this evidence is hearsay because Carnley was

not employed by Commerce Garage. Carnley was in a position of authority with HHC. As a senior claims administrator, Carnley should have developed knowledge of the hotel's relationship to Commerce Garage. In addition, Lawler has not presented any evidence contradicting Carnley's testimony. In the absence of any evidence to the contrary, Carnley's testimony is sufficient to satisfy the requirements of rule 166a(e). *Marek v. Tomoco Equip. Co.*, 738 S.W.2d 710, 714 (Tex.App.—Houston [14th Dist.] 1987, no writ). Without considering Carnley's statement that Commerce Garage did not contribute to Lawler's injury, we conclude that there is competent evidence sufficient to support the summary judgment in favor of Commerce Garage. Carnley's affidavit establishes that Commerce Garage was a separate entity. Lawler's injury occurred when a portion of the hotel's ceiling fell on her. This evidence establishes that there is no connection between Lawler's injury and the garage. Accordingly, we overrule Lawler's second point of error insofar as it pertains to Commerce Garage. Since Lawler conceded that the summary judgment in favor of Commerce Garage is proper if the evidence is competent, we also overrule Lawler's fifth point of error complaining that the trial court improperly granted summary judgment for Commerce Garage.

In her second point of error, Lawler also complains that the trial court considered the affidavit testimony of Jean Pool, the hotel's paymaster, in support of summary judgment for Dallas Statler–Hilton, HHC, and Prudential. Specifically, Lawler contended that Pool's testimony was speculative, not based on personal knowledge, and violative of the best evidence rule. Since we affirm the summary judgment without consideration of Pool's testimony, we overrule this aspect of the second point of error on the grounds that any consideration by the trial court of this evidence was harmless.

Lawler complains generally in her sixth point of error that the trial court improperly granted summary judgment. Since we have independently affirmed the summary

judgment as to all appellees, we overrule Lawler's sixth point of error.

The judgment of the trial court is affirmed.