Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You previously submitted a popular name and ballot title for a similar measure, which I rejected in Opinion 99-298 due to a number of unresolved ambiguities arising from the text of the measure. You have now made changes to the text of your proposal and have submitted the following proposed popular name and ballot title for my certification:
 POPULAR NAME FACTORY LICENSED VEHICLE DEALER INFORMATION AND DEDUCTION ON THE COST OF A VEHICLE BI FUEL CARBURETOR SYSTEM
 BALLOT TITLE AMENDMENT TO REQUIRE ALL FACTORY LICENSED VEHICLE DEALERS TO INFORM A CUSTOMER OR CUSTOMERS IF A JOINT PURCHASE TO INCLUDE BUSINESSES PURCHASING A VEHICLE WITH INFORMATION ON THE AVAILABLE NEW FACTORY VEHICLE MODELS INSTALLED WITH A BI FUEL CARBURETOR SYSTEM AND POST FACTORY INSTALLATION OF A BI FUEL CARBURETOR SYSTEM ON APPLICABLE NEW AND USED VEHICLE MODELS TO USE NATURAL GAS OR GASOLINE, FEDERAL AND STATE SUBSIDIES, DEDUCTION ON THE COST OF THE BI FUEL CARBURETOR SYSTEM FROM THE SALES TAX, DEDUCTION ON THE COST OF A BI FUEL CARBURETOR SYSTEM FROM PERSONAL AND BUSINESS STATE GROSS EARNED INCOME TAX, DEDUCTION ON THE PURCHASE PRICE AND INSTALLATION COST OF A LOW PRESSURE NATURAL GAS VEHICLE FUEL PUMP FROM PERSONAL AND BUSINESS STATE GROSS EARNED INCOME TAX, COMPARISONS OF NATURAL GAS AND GASOLINE VEHICLE EXHAUST EMMISSIONS [SIC], COMPARITIVE [SIC] COST OF NATURAL GAS AND GASOLINE PER GALLON BEFORE A CUSTOMER(S) PURCHASES A NEW OR USED VEHICLE WITH TWENTY THOUSAND MILES OR LESS ON THE ODOMETER; TO PROVIDE THE STATE ISSUES AN ANNUAL PUBLICATION OF THE AFOREMENTIONED INFORMATION FOR THE FACTORY LICENSED VEHICLE DEALERS AND A DOCUMENT FOR CUSTOMER(S) VERIFICATION FROM THE FACTORY LICENSED VEHICLE DEALER TO THE STATE VEHICLE REGISTRATION AND LICENSE BUREAU THAT THE BUYER(S) HAVE BEEN FULLY INFORMED OF THE AFOREMENTIONED INFORMATION BEFORE PURCHASING A NEW OR USED VEHICLE WITH TWENTY THOUSAND MILES OR LESS ON THE ODOMETER; TO PROVIDE A FINE FOR NON COMPLIANCE OF FACTORY LICENSED VEHICLE DEALERS TO INFORM A CUSTOMER OF THE AFOREMENTIONED INFORMATION; TO PROVIDE A DEDUCTION ON THE FACTORY OR POST FACTORY INSTALLATION COST OF A BI FUEL CARBURETOR SYSTEM FROM THE GROSS RECEIPT SALES TAX; TO PROVIDE A DEDUCTION OF THE PURCHASE PRICE OF A NEW OR USED VEHICLE WITH A BI FUEL CARBURETOR SYSTEM FROM THE PERSONAL OR BUSINESS STATE GROSS EARNED INCOME TAX; TO PROVIDE A DEDUCTION OF THE PURCHASE PRICE AND INSTALLATION COST OF A LOW PRESSURE NATURAL GAS VEHICLE FUEL PUMP THE COST OF WHICH SHALL BE DIVIDED AND DEDUCTED EQUALLY FOR FIVE YEARS FROM THE PERSONAL OR BUSINESS STATE GROSS EARNED INCOME TAX; TO PROVIDE THE STATE, COUNTY AND LOCAL AGENCIES ARE REQUIRED TO PURCHASE VEHICLES WITH BI FUEL CARBURETOR SYSTEMS WITH A WAIVER ON VEHICLES WITH A SPECIFIC USE NOT AVAILABLE WITH A FACTORY INSTALLED OR POST FACTORY INSTALLATION OF A BI FUEL CARBURETOR SYSTEM; TO PROVIDE A FINE FOR STATE, COUNTY AND LOCAL AGENCIES NOT IN COMPLIANCE WITH THE PURCHASE OF VEHICLES WITH A BI FUEL CARBURETOR SYSTEM; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
Ambiguities, grammatical and syntax errors continue to plague your proposal. At a minimum, however, the following ambiguities must be clarified in both your measure and ballot title:
 1. Section 4 of your proposed amendment consists of one sentence as follows: "Any person or persons if a joint purchase to include vehicles purchased for a business or in the name of a business purchasing a bi fuel carburetor system on an available new vehicle model or post factory installation of a bi fuel carburetor system on a new or used vehicle with twenty thousand (20,000) miles or less on the odometer may deduct from their personal or business gross earned income taxed by the state the portion of the purchase price of the vehicle if any amount on the additional cost of the bi fuel carburetor system remains after the federal and state subsidies if any applied, and the deduction from the gross receipt sales tax has been deducted from the cost of the bi fuel carburetor system up to, but not to exceed the cost of the bi fuel carburetor sysyem [sic]." It appears that your intention, in drafting this provision, is to allow an income tax deduction for any portion of the cost of a bi fuel carburetor that has not already been deducted from the gross receipts sales tax or which has not in some way been recouped through "federal and state subsidies." If this is indeed your intention, it must be more clearly expressed in the text of your measure. The syntax problems appearing in the current language render the provision susceptible to more than one interpretation.
 2. Section 6 of your proposed measure requires the "state, county, and local agencies" to take public bids on and purchase only those vehicles with a bi fuel carburetor system. . . ." An ambiguity exists, in my judgment, as to the scope of the term "local agencies." The uncertainty as to which agencies would be required to comply might give the voter" serious ground for reflection."
 3. Section 7 of your proposed measure provides that "[a]ny state, county or local agency not in compliance with the provisions of this amendment, and not recieving [sic] a written waiver for a vehicle from the state vehicle registration and license bureau shall be guilty, and pay a fine of three thousand ($3,000.00) dollars to the court on each vehicle not in compliance with the provisions of this amendment." I assume that this determination of "guilt" and the attendant penalty are criminal in nature. It is unclear, in my judgment, whether your measure seeks to impose criminal liability on a public agency itself as opposed to the officials or employees taking action on behalf of such agency. If the former is your intention, the payment of a fine with tax dollars and the uses to which such fine money may be put, once collected, may give the voters" serious ground for reflection." In a least some cases, a criminal prosecution of this nature would amount to the state prosecuting itself. An existing state statute may also affect this question. See A.C.A. § 5-2-503 (Repl. 1997). As a consequence, the provisions of your measure must be clarified on this point.
The list of ambiguities above is not intended to be all-inclusive. As noted above, ambiguities, grammatical and syntax errors continue to plague your proposal. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed measure, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General