STOKER, Judge.
Plaintiff-appellant Roosevelt Vincent was injured on January 15,1980, in an industrial accident which caused the death of a co-employee, William Buckbee. Both were employees of a joint venture known as Lake Charles Refining Company. The primary issues presented in this case have already been considered adversely to the widow of Buckbee by another panel of this court in Buckbee on Behalf of Buckbee v. AWECO, Inc., et al., 418 So.2d 698 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 166 (La.1982).[1]
Roosevelt Vincent’s tort suit suffered the same fate as Mrs. Buckbee’s suit in the trial court. It was dismissed on motions for summary judgment. Vincent appeals. We affirm.
Appellant appealed from the trial court judgment which dismissed the suit as to the following defendants: Lake Charles Refin *171 ing Company; AWECO, Inc.; Kennedy International Inc.; C & H Refining Company of Lusk, Wyoming; Joseph P. Chamberlain and Insurance Company of North America (INA).
Later this case was remanded to the trial court for the purpose of adding to the summary judgment an additional defendant: Vera Buckbee, in her capacity as adminis-tratrix of the Succession of William Buck-bee, Tr. 192. The judgment was amended (Tr. 194), and an appeal was granted as to Vera Buckbee, i.e. as to the judgment as amended. (Tr. 197-198).
The facts concerning the accident in question are described in the Buckbee case cited above. Appellees filed two separate motions for judgment. The first was filed on behalf of all parties except INA and the second motion was filed on behalf of INA.[2] Plaintiff alleged that Lake Charles Refining Company was a joint venture composed of AWECO, Inc; Kennedy International, Inc; and a third member (CKB Corporation).[3] In the first motion for summary judgment the defendants allege that C & H Corporation has never had any legal affiliation or association with Lake Charles Refining Company. The other defendants (not including INA) claim that plaintiff’s exclusive remedy against them is for worker’s compensation, and a tort action against them is barred by LSA-R.S. 23:1032. Plaintiff sought to avoid such a defense by alleging that the parties were guilty of committing intentional torts.
The question of intentional torts with reference to Joseph P. Chamberlain was dealt with in the Buckbee case. Plaintiff as appellant has not pursued this issue as to any of the appellees, and we do not deem it necessary to dwell upon this issue. The trial court found that C & H Refining Company had no causal connection with plaintiff’s injury, and plaintiff-appellant does not contest or make argument on this point on appeal. Therefore, we find no error in the ruling as to C & H Refining Company.
Plaintiff alleged in his petition that INA was the liability insurer of the joint venture, Lake Charles Refining Company. (Paragraphs 15, Tr. 4). In its motion for summary judgment INA alleges it is the excess comprehensive general liability insurer of the joint venture (Lake Charles Refining Company) and its constituent companies, AWECO, Inc., Kennedy International, and Chamberlain-Bailey Corporation. INA adopted the motion and affidavits filed by the other defendants-appellees in this case.
I.
Appellant, Roosevelt Vincent, asserts in his brief that the “issue on appeal is whether or not joint venturers, which constitute the employer which is a joint venture, are individually immune from tort liability under [LSA] R.S. 23:1032.” We agree with the reasoning set forth in the Buckbee case and adopt that reasoning as our own. Appellant’s brief was prepared subsequent to the rendition of the opinion in the Buck-bee case. The opinion in Buckbee noted that partners and partnerships are granted immunity from tort actions under the section of the worker’s compensation law referred to. The panel of this court in Buck-bee further held that inasmuch as joint ventures and its members were governed by partnership law, they were granted immunity from tort actions and were covered by the exclusive remedy provision contained in LSA-R.S. 23:1032.
II.
Appellant forcefully argues that we should hold that this court erred in the Buckbee case, and he urges that we should *172 reach a different conclusion relative to the exclusive remedy coverage of joint ventures. Despite able counsel’s excellent presentation of appellant’s contentions, we adhere to our belief that the holding of the Buckbee case is correct.
III.
After the appeal in this case was lodged with us counsel for Roosevelt Vincent and Vera Buckbee, in her capacity as administratrix of the Succession of William Buckbee, joined in a motion to remand the case to the trial court. (Tr. 192). The stated purpose of the motion and order for remand was to allow Vera Buckbee to file responsive pleadings and to amend the judgment granting the motion for summary judgment to include Vera Buckbee in her representative capacity. The judgment was amended to add her (Tr. 194), and Roosevelt Vincent appealed from that judgment (Tr. 197-198). Although we have found no motion for summary judgment in the record on behalf of Vera Buckbee in her representative capacity, we gather from agreement of counsel made at oral argument that we are to treat the situation as though she had filed such a motion.
The record amply supports the fact that William Buckbee was a co-employee of Roosevelt Vincent. See Roosevelt Vincent’s own deposition at transcript page 169. Moreover, the petition itself establishes this relationship, and we should therefore notice the absence of a cause of action against the estate of William Buckbee for the alleged tortious acts of Buckbee which plaintiff alleges caused his injuries. LSA-C.C.P. art. 927. Therefore, it is clear that Vera Buck-bee in her representative capacity was properly dismissed from this case.
For the foregoing reasons we affirm the separate judgments of the trial court in favor of appellees. The plaintiff-appellant is cast for the costs of this appeal.
AFFIRMED.

. This writ denial applied to an application by Jerry R. Watt Company, et al. We presume the “et al” refers to the insurer of the Jerry R. Watt Company, and we further presume the denial has no significance relative to the issues in this case before us.

. The record contains no motion for summary judgment on behalf of Vera Buckbee, in her capacity as administratrix of the Succession of William Buckbee.

. The record and briefs lead us to believe that the correct name of the third member of the joint venture is Chamberlain-Bailey Corporation. Neither CKB Corporation or Chamberlain-Bailey Corporation are mentioned in the judgments appealed from or the plaintiffs motions for appeal.