Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed measure:
 POPULAR NAME TO PROVIDE FOR THE EXEMPTION OF PREVIOUSLY PURCHASED VEHICLES FROM THE STATE, COUNTY, AND MUNICIPAL GROSS RECEIPT SALES TAX
 BALLOT TITLE ACT TO EXEMPT PREVIOUSLY PURCHASED VEHICLES FROM THE STATE, COUNTY, AND MUNICIPAL GROSS RECEIPT SALES TAX; TO PROVIDE FOR EXCLUSION ON THE PROFITABLE SALE OF PREVIOUSLY PURCHASED VEHICLES; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS ACT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed measure.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to certain unresolved ambiguities in the both the title and text of your proposed measure. There are a number of additions or clarifications to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title, however, without the resolution of these ambiguities. I am therefore unable at this time to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The ambiguities to which I refer occur throughout the proposed measure. They are pervasive and primarily take the form of grammatical, syntax, and usage problems. These problems make it impossible to determine the intended meaning and effect of the proposed measure. I will give examples of some specific areas of concern; however, it must be understood that my discussion of these areas of concern is not exhaustive. Among the problems in the text of your proposed amendment are the following:
 (1) The introductory paragraph refers to the proposed measure as an "act to the Constitution of the State of Arkansas." Both the title of the measure and text refer to the measure as an "act." It is unclear whether the measure is intended to be an initiated act or an amendment to the constitution.
 (2) Because of a mismatch between the subject and the predicate in Section 1 of the proposed measure, and because of unclear usage of terminology therein, the language of the measure does not clearly indicate whether it intends to abolish the referenced taxes, or to exempt certain transactions from such taxes.
 (3) Unclear usage of terminology also makes the measure unclear as to exactly which existing taxes are being referenced therein.
 (4) Because the terms "previously purchased vehicle" and "profit" are not defined, the language of the measure is susceptible to creating confusion as to which vehicles are affected by both the primary provisions of the measure and by the exception stated therein.
 (5) Section 1 of your proposed measure refers to "[a]ll gross receipts sales taxes . . . including those taxes levied in the year of this election. . . ." (Emphasis added). It is unclear what the language "including those taxes levied in the year of this election," refers to. Sales taxes are levied on the sales of goods and services. The tax is imposed on the sale transaction, normally at the time of sale. Presumably, a measure eliminating such taxes would apply to sales taking place after the effective date, or some other date specified in the measure. In my judgment, however, there would normally be no sales taxes "levied" in one year and collected in another. This type of language might have more appropriate applicability to property taxes, which are levied in one year and collected in a succeeding year, but it usually would have no relevance to sales taxes. However, with regard to situations in which sales tax may be collected at a time subsequent to the sales transaction (and the sale of a car is such a transaction), the measure is further problematic in that it is unclear whether the measure would apply to taxes that are due and owing (but unpaid) at the time of the effective date of the measure.
As previously indicated, the foregoing list is not intended to be exhaustive. The referenced grammatical, syntax, and usage problems occur throughout the proposed amendment. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
Enclosure