Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have submitted three previous popular names and ballot titles for similar measures, which I rejected in Opinions99-197, 99-259 and 99-411 due to unresolved ambiguities in the text of each measure. You have made changes to the text of your measure and now present the following proposed popular name and ballot title for my certification:
 (Popular Name) AN AMENDMENT TO ABOLISH THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS, TO PROHIBIT THE INCREASE OF TAXES WITHOUT VOTER APPROVAL AT A GENERAL ELECTION, TO PROVIDE FOR A THREE YEAR STATUTE OF LIMITATIONS FOR ACTIONS TO RECOVER TAXES, BY THE TAXING AUTHORITY OR BY AN AGGRIEVED TAXPAYER, TO PROVIDE PROCEDURAL SAFEGUARDS FOR TAXPAYERS, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS; AUTHORIZING THE COLLECTION OF SALES AND USE TAX ON GOODS USED TO MAKE REMANUFACTURED GOODS, BUT NOT ON THE FULL PRICE OF THE REMANUFACTURED GOODS; PROHIBITING THE IMPOSITION OR INCREASE OF ANY TAX, OR THE DIVERSION OF ANY FUEL TAXES OR OTHER REVENUE SOURCES PRESENTLY USED FOR ROAD OR BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES, WITHOUT THE APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS, OF THE STATE OR THE AFFECTED LOCAL GOVERNMENTAL ENTITY, FREELY VOTING AT THEIR ABSOLUTE UNFETTERED DISCRETION UPON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE WHICH RESULTS IN THE COLLECTION OF ADDITIONAL REVENUE FROM SOME OR ALL TAXPAYERS, SHALL BE DEEMED A TAX INCREASE TO THE EXTENT THAT SAID LAW RESULTS IN INCREASED TAX OR EXACTION; PROVIDING THAT THE TERM "MAJORITY OF THE QUALIFIED ELECTORS" MEANS A MAJORITY OF THE QUALIFIED ELECTORS WHO ACTUALLY APPEAR AND VOTE UPON THE PERTINENT QUESTION; ABOLISHING THE RULE AGAINST RECOVERY BACK OF VOLUNTARY PAYMENTS, AS APPLIED TO ILLEGAL EXACTIONS; PROVIDING FOR A THREE (3) YEAR STATUTE OF LIMITATIONS FOR THE CITIZENS' RECOVERY BACK OF ILLEGAL EXACTIONS, AND FOR A THREE (3) YEAR STATUTE OF LIMITATIONS ON ALL CIVIL, CRIMINAL, OR OTHER ACTIONS BY ANY STATE OR LOCAL GOVERNMENT TO COLLECT DELINQUENT TAXES; PROVIDING THAT IN ANY ILLEGAL EXACTION LAWSUIT, ALL PERSONS SIMILARLY SITUATED TO THE NAMED PLAINTIFF SHALL BE ENTITLED TO RECOVER BACK ANY SUMS FOUND TO HAVE BEEN ILLEGALLY EXACTED, LESS COSTS AND REASONABLE ATTORNEY'S FEES; DEFINING ILLEGAL EXACTION TO INCLUDE ILLEGAL, ERRONEOUS, OR EXCESSIVE IMPOSITION, LEVYING, ASSESSMENT, OR COLLECTION OF TAX OR ENFORCED GOVERNMENTAL OR QUASI GOVERNMENTAL EXACTIONS OF ANY KIND WHATSOEVER, PROVIDED, HOWEVER, THAT SUCH SHALL NOT INCLUDE ANY LEGAL TAX IF THE TAXING AUTHORITY REASONABLY ATTEMPTED TO COMPLY WITH ALL LAWS, REGULATIONS, AND REQUIREMENTS FOR THE ASSESSMENT OR COLLECTION OF TAX, AND THE CIRCUMSTANCES ARE SUCH THAT THE TAXPAYERS IN FAIRNESS AND EQUITY OUGHT NOT TO ESCAPE LIABILITY FOR THE TAX; PROVIDING THAT SOVEREIGN IMMUNITY, FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, FAILURE TO APPROPRIATE MONEY FOR REPAYMENT, OR PAYMENT OVER TO ANOTHER ENTITY, CONSTITUTE NO DEFENSES TO AN ACTION FOR ILLEGAL EXACTION; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT IMMEDIATELY, EXCEPT AS OTHERWISE PROVIDED; PROVIDING THAT ALL PROTECTIONS FOR THE TAXPAYER, RELATED TO LITIGATION, SHALL APPLY TO ALL ACTIONS BROUGHT TO JUDGMENT AFTER THE DATE OF PASSAGE OF THIS AMENDMENT; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to an ambiguity in the text
of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of this ambiguity. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
The following ambiguity must be clarified in your measure before I can perform my statutory duty:
 • Section 4 of your proposed measure establishes certain protections for taxpayers in the context of litigation. Section 5 of your proposed measure contains a severability and general repealer clause, and states: "All protections for the taxpayer, relating to litigation, shall apply to all actions brought to judgment after the date of passage of this amendment." It is unclear what effect this provision will have. More specifically, this provision appears to refer to the protections established in Section 4. If these protections are extended to litigation that was conducted prior to the effective date of the measure (but which is brought to judgment after the effective date) such litigation may need to be conducted anew. That is, in light of the general repealer clause of the measure, it appears that this provision may require that these cases be re-tried in order to afford the taxpayer protections that may not have been available when the litigation was in progress. If this is indeed the intended effect of the provision, this intent and effect must be made explicit, in light of the fact that it would constitute a substantial change in the law governing the grounds for re-trials. If such is not the intent, that fact must also be made clear. As currently formulated, the intent is unclear. I also note that this provision raises questions about the intended scope of Section 1, which states: "Nothing herein shall be construed to prohibit the collection of taxes for which liability accrued prior to the effective date of this amendment."
Unless the foregoing ambiguity is resolved, I will be unable to summarize your proposed amendment effectively.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General