Mr. David E. Dinwiddie 8608 Princeton Pike Pine Bluff, AR 71602
Dear Mr. Dinwiddie:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed initiated act:
 Popular Name AN ACT TO PROHIBIT THE BROADCASTING OF INFOMERCIALS ON LOCAL TELEVISION STATIONS IN THE STATE OF ARKANSAS
 Ballot Title AN ACT TO PROHIBIT THE BROADCASTING OF INFOMERCIALS ON LOCAL TELEVISION STATIONS IN THE STATE OF ARKANSAS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text
of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. In section 101 of your initiative, you state the purpose of the proposed act as being: "To prevent abusive trade practices from being imposed upon television viewers in the State of Arkansas who cannot afford access to Cable Television or Satellite Television Services." Designating running infomercials as an" abusive trade practice" is necessarily partial, rendering it impossible for me to summarize this purpose impartially in a ballot title, as I am obliged to do under the authorities discussed above.
 2. In subsection 102(1) of your proposed initiative, you define the term "infomercial" to mean "any television commercial longer than two minutes or a short or regular-length television program that combines an information presentation with an integrated suggestion to buy a particular product or service." This definition is ambiguous in that a "television commercial longer than two minutes" might reasonably be described as "a short or [depending on its length] regular-length television program that combines an information presentation with an integrated suggestion to buy a particular product or service." It is unclear why you are offering these purportedly alternative definitions in the disjunctive, rendering it impossible for me to summarize this provision in a ballot title.
 3. Subsection 102(3) defines the term "violation" to mean: "(a) the broadcast of an infomercial as described in this statute; or (b) the broadcast of more than three (3) two minute commercials within one hour; or (c) the broadcast of any one commercial or a commercial by the same advertising client more than ten (10) times within a one hour time period." Subsections 102(3)(b) and (c) deal with practices that do not involve "infomercials" as defined in subsection 102(1). These subsections consequently conflict with section 100 of the proposed initiative, which states the title of the act as being "Broadcasting of Infomercials Prohibited."
 4. Subsection 103(b)(2) would exempt from the statute, inter alia,
"[a]ny government funded non-profit stations." It is unclear from this description whether this exemption would apply to any station that receives any sort of government support or only stations that are exclusively funded by government grants.
 5. Section 104 of the proposed initiative provides that the Consumer Protection Division of this office "shall have the responsibility to investigate reported violations and to impose fines upon any owner or general manager of a Local Television Station that violates the provisions of this statute." This provision is ambiguous in that it provides no guidance regarding who will determine that a violation has occurred and what avenues of appeal will exist from any such determination. In this regard, I should note that my office is a part of the executive branch of government and cannot be charged with the judicial task of adjudicating alleged violations of law. Moreover, your text fails to address what role, if any, the prosecuting attorney would play in prosecuting what would be a criminal violation. See Ark. Const. amend. 21 (charging the prosecuting attorney with prosecuting criminal offenses).
 6. Subsection 105(a) of your proposed initiative provides:" Payment of fines shall be submitted in full to the Treasurer of the State of Arkansas within 30 calendar days of a written citation." This provision is ambiguous in that it fails to address the question of what entities, if any, will be available to adjudicate contested citations and of what effect any such contest would have on the recited deadline.
 7. Subsection 107(a) of your proposed initiative designates violation of the proposed act an "unclassified felony" and provides that "penalties will be assigned in accordance [with] the limitations of this statute as described in Arkansas Code 5-4-201(a)(3)." Subsection 107(b) further provides that any violator will be fined not less than $1,000 and not more than $10,000" for each minute of broadcast time of the violation." I consider these provisions ambiguous in that the proposed initiative provides no guidance regarding what criteria the undesignated finder of fact should employ in determining what the amount of the fine imposed should be from within the recited permissible range.
 8. Finally, although this comment does not directly involve any textual ambiguity, I feel obliged to note that in my opinion your proposed initiative invites challenge in its entirety as violating the First Amendment guarantee of freedom of speech, including commercial speech; the supremacy clause of the U.S. Constitution, which provides that federal laws intended to exclusively govern a particular area will preempt state laws on that subject (see the Federal Communications Act of 1934, 47 U.S.C. 151 et seq., investing the Federal Communications Commission with extensive and exclusive jurisdiction over many aspects of television transmission); and the commerce clause, U.S. Const. art. 1, § 8, cl. 3, which prohibits legislation that unduly burdens interstate commerce. Although I will not here analyze your proposed initiative under these constitutional provisions, you may wish to consult with private counsel regarding their application should you elect to address the above ambiguities and resubmit your proposed initiative for my review.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MIKE BEEBE Attorney General
MB:JHD/cyh